# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| AARON D. NEAL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:17-cv-1495 |
| JARED BIERBAUM and TYREL KLEIN, | ) ) ) |
| Defendants. | ) |

## ORDER & OPINION

This matter is before the Court on Defendants' Supplemental Motion for Summary Judgment (Doc. 45). Plaintiff Aaron D. Neal has responded (Doc. 47) and Defendants have replied (Doc. 48), so this matter is ripe for review. For the reasons stated below, Defendants' Motion (Doc. 45) is GRANTED.

### BACKGROUND

A full background of this case may be found in this Court's Order & Opinion on Defendant's first Motion for Summary Judgment (Doc. 43); only a brief summary is necessary here. Defendant Jared Bierbaum, a detective with the Bloomington Police Department, ordered the arrest of Plaintiff Aaron D. Neal following an investigation giving Defendant Bierbaum probable cause to believe Plaintiff had committed several crimes involving the possession and sale of a controlled substance. Defendant Tyrel Klein was among the officers who carried out the arrest.

This Court has already held Defendant Bierbaum had probable cause to order, and Defendant Klein to carry out, Plaintiff's arrest, and that while Defendant Klein

used excessive force on Plaintiff, he is entitled to qualified immunity. (Doc. 43). However, Defendants neglected to move for summary judgment on Plaintiff's claim that he was unlawfully seized because Defendants lacked probable cause to stop the car he was driving. This Court allowed Defendants an opportunity to submit the instant motion on that issue.

The black Buick Plaintiff was driving when he was pulled over was not registered in his name, but Defendants believed him to be in the car when it was stopped on February 15, 2017. Defendants have submitted an affidavit from Defendant Bierbaum indicating (1) Defendant Bierbaum observed Plaintiff operating the car four times during February 2017 and never observed anyone else operating the Buick; (2) Defendant Bierbaum was tracking Plaintiff's phone, and the phone was traveling to and from Danville, Illinois, on February 15, 2017; (3) the GPS tracker on the car showed the car traveled to Danville three times in the five days prior, which was consistent with the tracking of Plaintiff's phone; and (4) when a source requested a controlled substance from Plaintiff, Plaintiff reported he would be back in Bloomington in a timeframe consistent with him driving to and from Danville. (Doc. 45-1). On this information, Defendant Bierbaum ordered the seizure of the car and the arrest of Plaintiff.

**LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The nonmovant bears the burden of

2

demonstrating there is a genuine dispute of material fact. *Aregood v. Givaudan Flavors Corp.*, 904 F.3d 475, 482 (7th Cir. 2018). "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018) (citation and internal quotation marks omitted). The Court is required to view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. *BRC Rubber & Plastics, Inc. v. Continental Carbon Co.*, 900 F.3d 529, 536 (7th Cir. 2018).

Additionally, Plaintiff is proceeding *pro se*. "Allegations in *pro se* pleadings are to be construed liberally, applying substantially less stringent standards than those applied to pleadings drafted by professional counsel." *Kincaid v. Vail*, 969 F.2d 594, 598 (7th Cir. 1992) (italics added). But, of course, "there are no exemptions from the requirements of Rule 56 under the Federal Rules of Civil Procedure." *Thomas v. Meister Heating & Air Conditioning, Inc.*, No. 03-1038, 2006 WL 898144, at *2 (C.D. Ill. Apr. 6, 2006).

## DISCUSSION

Qualified immunity is a legal doctrine which makes government officials using their state-granted authority, such as the police officers here, immune from a lawsuit under 42 U.S.C. § 1983 seeking monetary damages unless the plaintiff "can demonstrate that (1) the defendant violated a constitutional right; and (2) the right was clearly established at the time, so that a reasonable state actor would know her conduct was unlawful." *Sebesta v. Davis*, 878 F.3d 226, 233 (7th Cir. 2017). A right is

"clearly established" at the time of the violation when "existing precedent [has] placed the . . . constitutional question beyond debate." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam) (citation omitted). In other words, this Court must find both that Defendants violated Plaintiff's Fourth Amendment rights when the Buick was seized and that prior court decisions from the Supreme Court or Seventh Circuit make it such that a reasonable person aware of those decisions would know their conduct was a violation of the Fourth Amendment for Plaintiff to prevail. *See Mason-Funk v. City of Neenah*, 895 F.3d 504, 508–09 (7th Cir. 2018).

Plaintiff argues the GPS tracker on the car and phone trace data were obtained in violation of the Fourth Amendment and therefore cannot be used to show probable cause for the stop of the car under the fruit of the poisonous tree doctrine. (Doc. 47). Plaintiff further argues any information from the confidential informant reported in Defendant Bierbaum's affidavit is inadmissible hearsay. (Doc. 47). Neither contention is correct.

The fruit of the poisonous tree doctrine is a part of the exclusionary rule, a remedy in criminal cases for Fourth Amendment violations. *Gonzalez v. Entress*, 133 F.2d 551, 554–55 (7th Cir. 1998). But "[t]he exclusionary rule does not apply in a § 1983 suit against police officers." *Vaughn v. Chapman*, 662 F. App'x 464, 467 (7th Cir. 2016). Therefore, whether a piece of evidence was obtained illegally does not bear on whether it provided probable cause for a later search. *Id*. While the evidence from such a later search might not be admissible in a criminal trial, the later search itself is not an independent constitutional violation. *Id*. Accordingly, whether the GPS

4

tracker on the car and the phone trace data were obtained unlawfully has no effect on the instant issue. As for Plaintiff's arguments about hearsay, any statements alluded to are not being offered for their contents, but only to show they were said to Defendant Bierbaum, giving him a basis to act upon. This is definitionally not hearsay. Fed. R. Evid. 801(c)(2).[1]

Probable cause "requires something more than a hunch" but not "a finding that it was more likely than not that the arrestee was engaged in criminal activity—the officer's belief that the arrestee was committing a crime need only be reasonable." *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 714 (7th Cir. 2013). In the context of a § 1983 suit, this relatively low standard is even lower: an officer has "arguable probable cause" where "a reasonable police officer in the same circumstances . . . possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in light of well-established law." *Fleming v. Livingston Cty., Ill.*, 674 F.3d 874, 880 (7th Cir. 2012) (quoting *Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir. 1998) (citation omitted) (emphasis in original)).

Defendants have shown Defendant Bierbaum had arguable probable cause, at the least, to order the car stopped. Defendant Bierbaum had recently seen Plaintiff driving the car and never seen anyone else driving it, he knew Plaintiff was either not in Bloomington or about to leave Bloomington in a timeframe consistent with driving to and from Danville, and Plaintiff's phone was in the car and had been in the

---

[1] Even if these statements were not made directly to Defendant Bierbaum—raising the specter of hearsay within hearsay, Fed. R. Evid. 805—they were made by Plaintiff and thus remain definitionally not hearsay, Fed. R. Evid. 801(d)(2)(A).

5

car during several prior trips to Danville. He therefore had a strong reason to believe Plaintiff was in the car when it was stopped. This gave Defendant Bierbaum probable cause, or at the least arguable probable cause, to order the Buick stopped because, as this Court ruled in its prior Opinion (Doc. 43), there was probable cause to arrest Plaintiff. Therefore, the seizure was not unlawful and Defendants' Supplemental Motion for Summary Judgment (Doc. 45) is granted.

The matter of costs requested by Defendants remains. The Seventh Circuit has instructed that although "an award of costs to the prevailing party is the default rule," where the Court determines the non-prevailing party is indigent, it may order the parties to bear their own costs. *Arce v. Chi. Transit Auth.*, 738 F. App'x 355, 360 (7th Cir. 2018). However, the non-prevailing party must provide the Court with documentation including "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006). If the Court finds the non-prevailing party is indigent, it should consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by" the case. *Id.*

The Court suspects, based upon his petition to proceed *in forma pauperis*, Plaintiff is eligible for this exception. However, to make use of this exception, Plaintiff must submit an affidavit detailing his income, assets, and expenses, or documentary evidence showing the same. In addition, the Court will need Defendants to submit to Plaintiff and the Court the amount of costs. Therefore, this case will not be

6

terminated and judgment will not be entered until such submissions have been made, according to the schedule below.

## Conclusion

For the reasons stated, Defendant's Supplemental Motion for Summary Judgment (Doc. 45) is GRANTED. All scheduled hearings in this matter are CANCELLED. If Plaintiff wishes to utilize the indigency exception to the ordinary rule that the non-prevailing is liable for costs, he SHALL submit an affidavit or documentary evidence detailing his income, assets, and expenses within fourteen (14) days of the date of this Order; otherwise costs shall be awarded to Defendants. Defendants SHALL submit an accounting of their costs and fees sought within seven (7) days of Plaintiff submitting the above evidence; if Defendants choose to withdraw their request for costs and fees, they may do so at any time at any time.

SO ORDERED.

Entered this 23rd day of January 2019.

                                                                       s/Joe B. McDade
                                                                        JOE BILLY McDADE
                                                   United States Senior District Judge